UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Case No.

APPROXIMATELY $12,000.00 IN UNITED
STATES CURRENCY, and

APPROXIMATELY 234,215.00 IN UNITED
STATES CURRENCY FROM U.S. BANK
SAFE-DEPOSIT BOX #790,

    Defendants.

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Bridget J. Schoenborn, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is a civil action to forfeit property to the United States of America, under 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. § 841(a)(1).

### The Defendants In Rem

2. The defendant property, approximately $12,000.00 in United States currency, was seized on or about November 10, 2022, from Brandon Thompson at 6XXX North 99th Street, Milwaukee, Wisconsin.[1]

---

[1] Throughout this complaint, certain information has been redacted using the letter "X" as a means of avoiding the revelation of any personal information.

3. The defendant property, approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790, was seized on or about November 10, 2022, from Brandon Thompson and Bernadette Thompson at 7500 W. Good Hope Road, Milwaukee, Wisconsin.

4. The defendant properties are presently in the custody of the United States Marshal Service in Milwaukee, Wisconsin.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b).

7. Venue is proper in this district under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred, at least in part, in this district.

## Basis for Forfeiture

8. The defendant property, approximately $12,000.00 in United States currency, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

9. The defendant property, approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

# Facts

10. Marijuana is a Schedule I controlled substance under 21 U.S.C. § 812.

11. Tetrahydrocannabinol ("THC") is a Schedule I controlled substance under 21 U.S.C. § 812.

12. Cocaine is a Schedule II controlled substance under 21 U.S.C. § 812.

13. On or about October 27, 2011, Brandon Thompson pleaded guilty to a felony count of possession of THC with intent to deliver (>200-1,000 grams) in Milwaukee County Circuit Court Case No. 11CF3580.

14. Since on or about October 27, 2011, Brandon Thompson has been, and remains, a convicted felon.

15. As a convicted felon, Brandon Thompson is prohibited from possessing a firearm.

**November 10, 2022 execution of search warrant at Brandon Thompson's residence**

16. On November 10, 2022, officers executed a search warrant at the residence of Brandon Thompson, 6XXX North 99th Street, Milwaukee, Wisconsin (the "Residence").

17. Brandon Thompson was present at the Residence during execution of the search warrant.

18. On November 10, 2022, the below items, among other things, were inside the Residence.

   A. In Brandon Thompson's bedroom were the following:

      i. Two vacuum seal bags and two cellophane bags containing a total of approximately 1,287 grams of marijuana.

      ii. Two digital scales, one with marijuana residue.

      iii. One Smith & Wesson .40 caliber semi-automatic pistol with a loaded magazine, two additional loaded firearm magazines, and a box of ammunition.

3

iv. A safe-deposit box key for box #790 at U.S. Bank.

v. Approximately $12,000 in United States currency. Denominations of the currency were 8-$100 bills, 2-$50 bills, 553-$20 bills, and 4-$10 bills.

B. In the kitchen were the following:

i. One digital scale with marijuana residue.

ii. Three glass jars containing marijuana bud, THC wax, and a weed residue – all testing positive for THC – with a total weight of approximately 10.99 grams.

C. Inside a cabinet in the dining room was a money counter.

D. In a hall closet was a loaded Springfield XD-M 9mm semi-automatic pistol with a red dot sight and red laser affixed to the rail.

19. A drug detection canine gave a positive alert to the odor of a controlled substance on the approximately $12,000.00 in United States currency.

**November 10, 2022 consent search of Brandon Thompson's storage unit**

20. Brandon Thompson gave officers written consent to search his storage unit located at 8805 North 107th Street, Unit 407, Milwaukee, Wisconsin ("Unit 407").

21. On November 10, 2022, officers found the following inside Unit 407:

A. Eleven vacuum seal bags containing a total of approximately 4,975 grams of marijuana.

B. One zip lock bag containing approximately 819 grams of a white / off-white clumping substance that field tested positive for cocaine.

**November 10, 2022 execution of search warrant on U.S. Bank safe-deposit box #790**

22. On November 10, 2022, officers executed a search warrant on safe-deposit box #790 located at U.S. Bank, 7500 W. Good Hope Road, Milwaukee, Wisconsin ("Box #790").

23. On November 10, 2022, approximately 20 bundles of currency totaling approximately $234,215.00 in United States currency were inside Box #790. Denominations of the currency were 1,462-$100 bills; 863-$50 bills; 2,219-$20 bills; 45-$10 bills; and 7-$5 bills.

24. According to U.S. Bank records, Brandon Thompson was the main account holder for Box #790 and Bernadette Thompson had later been added as a secondary account holder.

25. According to U.S. Bank records, the last date that Box #790 was accessed was on November 7, 2022, by Brandon Thompson.

26. A drug detection canine gave a positive alert to the odor of a controlled substance on the approximately $234,215.00 in United States currency.

**November 10, 2022 statement of Bernadette Thompson**

27. On November 10, 2022, while officers were executing the search warrant at the Residence, Bernadette Thompson arrived at the Residence.

28. Bernadette Thompson was asked about Box #790 and she stated, in part, the following:

    A. She has not used Box #790 in over one year.

    B. She does not know what is in Box #790.

    C. Her son, Brandon Thompson, stores items in Box #790.

29. On November 10, 2022, Bernadette Thompson did not claim any items in Box #790.

**November 10, 2022 Mirandized recorded interview of Brandon Thompson**

30. On November 10, 2022, officers conducted an interview of Brandon Thompson.

31. The interview was audio and video recorded.

32. Prior to conducting the interview, officers read Brandon Thompson his Constitutional Miranda Rights. Thompson stated that he understood each of his rights and was willing to speak with officers.

33. During the interview, Brandon Thompson ("Thompson") admitted, among other things, the following:

   A. Thompson admitted that he is a convicted felon and admitted ownership of the two firearms located at his residence. He has owned the .40 caliber firearm for about three years and the 9mm firearm for about one week.

   B. Thompson stated that about one week earlier he had been robbed by two individuals at his residence. The robbers stole from Thompson $400 and three pounds of marijuana.

   C. Thompson admitted ownership of the marijuana that officers found that day at his residence and in his storage unit.

   D. Thompson admitted selling marijuana for approximately five years.

   E. Thompson stated that he had "a few" customers.

   F. When asked in what quantities Thompson sold marijuana, in pound levels or ounces, Thompson admitted that he sold "whatever they want."

   G. Thompson sold one pound of marijuana for between $1,600 and $2,000.

   H. Thompson admitted that the $12,000 found in his residence was from selling marijuana.

**Administrative Forfeiture Proceedings**

34. The Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against the approximately $12,000.00 in United States currency and the approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790 on the ground that the seized currencies were used or intended to be used in exchange for controlled substances or were proceeds of trafficking in controlled substances.

35. On or about February 13, 2023, Brandon Thompson filed a claim with the DEA in the administrative forfeiture proceeding to the defendant approximately $12,000.00 in United States currency.

36. On or about May 3, 2023, Bernadette Thompson filed a claim with the DEA in the administrative forfeiture proceeding to the defendant approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790.

**Warrant for Arrest In Rem**

37. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

**Claims for Relief**

38. The plaintiff alleges and incorporates by reference the paragraphs above.

39. By the foregoing and other acts, the defendant property, approximately $12,000.00 in United States currency, was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

40. The defendant approximately $12,000.00 in United States currency is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

41. By the foregoing and other acts, the defendant property, approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790, was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

42. The defendant approximately $234,215.00 in United States currency from U.S. Bank safe-deposit box #790 is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant properties to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2023.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: *s/BRIDGET J. SCHOENBORN*
BRIDGET J. SCHOENBORN
Assistant United States Attorney
Wisconsin Bar Number: 105396
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: bridget.schoenborn@usdoj.gov

# Verification

I, Dorian Whittenberger, hereby verify and declare under penalty of perjury that I am a Police Officer with the Milwaukee Police Department (MPD) and a member of the North Central High Intensity Drug Trafficking Area Task Force (HIDTA) and the Milwaukee Metropolitan Drug Enforcement Group (MMDEG), that I have read the foregoing Verified Complaint for Civil Forfeiture *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 10 through 33 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge and information are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Police Officer with MPD and member of HIDTA and MMDEG.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date: 05/09/2023

*s/PO Dorian Whittenberger*
Dorian Whittenberger
Police Officer, MPD / HIDTA / MMDEG